IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RICKEY CARMOUCHE,<br>Individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>DEEP SOUTH WELDING, L.L.C. and<br>JOE MITCHELL, JR.<br><br>*Defendants* | § § § § § § § § § § § § § | Docket No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Rickey Carmouche brings this action individually and on behalf of all current and former Rig Welders (hereinafter "Plaintiff and the Putative Class Members") who worked for Deep South Welding, L.L.C. ("Deep South") and Joe Mitchell, Jr. ("Mitchell") (collectively, "Defendants"), during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1     This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiff and the Putative Class Members are those persons who worked as Rig Welders for Defendants within the last three years and were paid hourly for all work completed but no overtime.

1.3     During this time, Plaintiff and the Putative Class Members were misclassified as independent contractors.

1.4     Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

1.5     Plaintiff and the Putative Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

1.6     The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.7     Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.8     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

1.9     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.10    Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Rickey Carmouche ("Carmouche") worked for Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Carmouche did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Rickey Carmouche is attached hereto as Exhibit "A."

2.2     The Putative Class Members are those current and former Rig Welders who worked for Defendants in the past three years and have been subjected to the same illegal pay system under which Plaintiff Carmouche worked and was paid.

2.3     Deep South Welding, L.L.C. ("Deep South") is a Louisiana limited liability company, doing business in the State of Texas, and may be served through its registered agent for service of process: Joe Mitchell, Jr., 2439 Hwy. 487, Marthaville, Louisiana 71450.

2.4     Defendant Joe Mitchell, Jr. ("Mitchell") is the owner of Deep South and an employer as defined by 29 U.S.C. § 203(d). Along with Deep South, Mitchell employed or jointly employed Plaintiff and the Putative Class Members. Joe Mitchell, Jr. may be served at his residence, 2439 Hwy. 487, Marthaville, Louisiana 71450, or wherever he may be found.

2.5     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Deep South, Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

3.1     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.2     This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District.

3.3     Venue is proper in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, Defendants have maintained a working presence throughout East Texas and Plaintiff Carmouche resided in Marion County, Texas throughout his employment with Defendants, all of which are located in this District and Division.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Putative Class Members are (or were) **<u>non-exempt</u>** Rig Welders who worked for Defendants and were engaged in oilfield services that were directly essential to the production of goods for Defendants and related oil and gas exploration and production companies throughout the United States. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8     The proposed class of similarly situated employees, i.e. putative class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former Rig Welders who worked for Deep South Welding, L.L.C and Joe Mitchell, Jr. at any time in the past three years and were not paid overtime."

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

# V.
# FACTS

5.1     Defendants own and operate a welding company that provides services to the oilfield and other related industries throughout Texas, Louisiana and Mississippi.

5.2     Plaintiff Carmouche worked for Defendants as a Rig Welder from approximately 2014 until February 2017

5.3     To provide their services, Defendants employed numerous Rig Welders who were misclassified as independent contractors.

5.4     Defendants paid Plaintiff and the Putative Class Members an hourly wage for all hours worked. Specifically, Plaintiff Carmouche was paid $50.00 to $55.00 per hour worked in the field, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

5.5	Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week. Specifically, Plaintiff and the Putative Class Members typically worked seven (7) days per week and a minimum of 84 hours or more per week.

5.6	Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are **_not_** exempt from overtime, Defendants did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

5.7	Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients. Virtually every job function was pre-determined by Defendants, including the tools to use at a job site, the schedule of work, and related work duties.

5.8	Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters. Moreover, Plaintiff and the Putative Class Members' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.9	Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield.

5.10	Defendants determined the hours Plaintiff and the Putative Class Members worked.

5.11	Defendants set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

5.12	Defendants set all employment-related policies applicable to Plaintiff and the Putative Class Members.

5.13	Defendants maintained control over pricing and marketing. Defendants also chose equipment and product suppliers.

5.14    Defendants owned or controlled the equipment and supplies Plaintiff and the Putative Class Members used to perform their work.

5.15    Defendants had the power to hire and fire Plaintiff and the Putative Class Members.

5.16    Defendants made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members an hourly wage with no overtime pay.

5.19    Defendants reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided tools and equipment Plaintiff and the Potential Class Members used.

5.20    Plaintiff and the Putative Class Members did not employ their own workers.

5.21    Plaintiff and the Putative Class Members worked continuously for Defendants on a permanent full-time basis.

5.22    Defendants, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, Defendants paid operating expenses like rent, payroll, marketing, insurance, and bills.

5.23    Plaintiff and the Putative Class Members relied on Defendants for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the hours assigned by Defendants, performed duties assigned by Defendants, worked on projects assigned by Defendants, and worked for the benefit of Defendants' customers.

5.24    Defendants paid Plaintiff and the Putative Class Members on a weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of hours they were allowed to work, which was controlled by Defendants and/or their customers.

5.25    Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon Defendants for their work.

5.26    Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.27    Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

5.28    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

5.29    Defendants did not pay any overtime at all for work in excess of forty (40) hours per week.

5.30    Accordingly, Defendants' pay policies and practices violated (and continue to violate) the FLSA.

## VI.
## CAUSES OF ACTION

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3     Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4     Defendants is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

6.6     The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

6.7     Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiffs.

6.9     Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are "all current and former Rig Welders who worked for Deep South Welding, L.L.C. and Joe Mitchell, Jr., at any time in the last three years and were not paid overtime."

6.11     Defendants' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12     Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13     The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

6.14     All of the Potential Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a workweek.

6.16     Defendants employed a substantial number of Rig Welders throughout the United States during the past three years. These workers are geographically dispersed, residing and working in different locations throughout the United States.

6.17     Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations of federal wage and hour laws.

6.18     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19    Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL CURRENT AND FORMER RIG WELDERS WHO WORKED FOR DEEP SOUTH WELDING, L.L.C. AND JOE MITCHELL, JR., AT ANY TIME IN THE LAST THREE YEARS.**

# VII.
# RELIEF SOUGHT

7.1    Plaintiff respectfully prays for judgment against Defendants as follows:

a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.    For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e.    For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f.    For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g.    For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h.    For an Order awarding Plaintiff a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of Defendants; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**ANDERSON2X, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**